IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**URSULA N. SMITH,**

   **Plaintiff,**

 vs.              Civil Action 2:12-cv-534
                  Judge Graham
                  Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

  This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. This matter is now before the Court on *Plaintiff's Statement of Errors*, Doc. No. 14, *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 17, and *Plaintiff's Reply*, Doc. No. 18.

  Plaintiff Ursula N. Smith filed her current application for benefits on September 15, 2008, alleging that she has been disabled since May 2, 2003.[1] The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

  An administrative hearing was held on August 9, 2010, at which plaintiff, represented by counsel, appeared and testified, as did Hermona C. Robinson, who testified as a vocational expert. *PAGEID* 78,

---

[1] Plaintiff filed an earlier application for supplemental security income on December 19, 2003, alleging that she had been disabled since August 1, 2003. *PAGEID* 118. That application was denied on May 7, 2008, after a hearing before an administrative law judge. *PAGEID* 118-38.

108. In a decision dated September 24, 2010, the administrative law judge concluded that plaintiff "has not been under a disability . . . since July 31, 2008[sic], the date the application was filed." *PAGEID* 75. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on February 13, 2012. *PAGEID* 55.

Plaintiff was 34 years of age on the date of the administrative law judge's decision. *See PAGEID* 74-75. She has a limited education and is able to communicate in English. *PAGEID* 74. She has past relevant work experience as a cashier. *PAGEID* 109. She has not engaged in substantial gainful activity since July 31, 2008. *PAGEID* 69.

## I. The Administrative Hearing[2]

The vocational expert testified at the administrative hearing that plaintiff's past relevant work as a cashier was light and unskilled. *PAGEID* 109. The vocational expert was asked to assume a claimant with plaintiff's vocational profile who could lift

> 20 pounds occasionally and 10 pounds frequently.  She could stand for 30 to 40 minutes at a time for a total of three hours in an eight hour workday, walk for about 15 minutes at a time for a total of one hour in an eight hour workday. She could sit for about 30 minutes at a time for [a] total of six hours out of an eight hour workday.  She should have a sit-stand option with alternating intervals of about 30 minutes. . . .  She can occasionally climb stairs, but can never squat, crawl, use unprotected heights, operate automotive equipment, move around – work around moving machinery.  She cannot be exposed to marked changes of temperature or humidity, or be exposed to fumes, gas or

---

[2] *Plaintiff's Statement of Errors* challenges only the administrative law judge's alleged failure to inquire whether there were conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT"). The Court will therefore limit its discussion to that issue.

>dusts. She can use arm and leg controls to push and pull. She can use her hands and arms for grasping, holding and turning objects. Additionally, she's limited to one and two step instructional repetitive work and work not requiring frequent contact with the public."

*PAGEID* 109-10. The vocational expert responded that such a claimant could not perform plaintiff's past relevant work, but could perform jobs at the sedentary and light exertional levels. *PAGEID* 110-11. The vocational expert specifically identified "janitor/cleaner job with limited contact or no contact with the public" (DOT 382.664-010, 150,000 positions nationally) and hand-picker (DOT 521.687-098, 80,000 positions nationally) at the light exertional level and laundry-folder (DOT 369.687-010, 90,000 positions nationally) at the sedentary level. *PAGEID* 111.

The transcript of the administrative law judge's questioning of the vocational expert continues as follows:

> Q   Mm-hm.  Okay.
>
> A   That rules out [INAUDIBLE].  All right.  Well, I'll stick with those two examples.  Are all those examples consistent with the Dictionary of Occupational Titles?  You've been given what is about to become Exhibit 19F, which is an RFC completed by Dr. Ratliff [PHONETIC].  Have you had a chance to look it over?
>
> A   Yes, I did.

*PAGEID* 113.

## II.  **The Administrative Decision**

In his decision, the administrative law judge found that plaintiff's severe impairments consist of "obesity; post traumatic anterior cruciate ligament (ACL) insufficiency; chondromalacia of the

3

left knee; chronic obstructive pulmonary disease; gastroesophageal reflux disease; poly-pharmacy; depression; and anxiety."[3] *PAGEID* 69. Through the date of the administrative law judge's decision, however, plaintiff's impairments neither met nor equaled any listed impairment. *PAGEID* 70. The administrative law judge went on to find that plaintiff has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) with the following abilities and limitations: (1) able to lift 20 pounds occasionally and 10 pounds frequently; (2) able to stand 30-40 minutes at a time for a total of 3 hours in an 8-hour workday; (3) able to walk 15 minutes at a time for a total of 1 hour in an 8-hour workday; (4) able to sit 30 minutes at a time for a total of 6 hours in an 8-hour workday; (5) must have a sit/stand option with alternating intervals of 30 minutes; (6) able to climb occasionally; (7) unable to squat, crawl, use unprotected heights, operate automotive equipment, or work around moving machinery; (8) must avoid exposure to fumes, dust, gases, and marked changes of temperature or humidity; (9) able to use arm and leg controls to push and pull; (10) able to use her hands and arms for grasping, holding and turning objects; and (11) limited mentally to one-to-two step instructional repetitive work and work not requiring frequent contact to the public.

*PAGEID* 72.

Relying on the testimony of the vocational expert, the administrative law judge found that plaintiff's RFC precluded the performance by her of her past relevant work as a cashier, but would

---

[3] The administrative law judge applied Acquiescence Rulings 98-3(6) and 98-4(6) to plaintiff's claim because it represents "a subsequent disability claim with respect to an unadjudicated period [] that [] arises under the same title of the Social Security Act as [plaintiff's] prior claim on which there has been a final decision by an Administrative Law Judge." *PAGEID* 68-69. In doing so, the administrative law judge first addressed whether there was new and material evidence (or a change in the law, regulations, or rulings affecting the finding or method for arriving at the finding) relating to a particular finding. *See id*. Where there was no such evidence or change, the administrative law judge adopted the finding of the prior administrative law judge. *See id*. *See generally Drummond v. Comm'r. of Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997).

permit the performance of a significant number of jobs in the national economy.  *PAGEID* 74-75.  The administrative law judge also expressly stated that, "[p]ursuant to SSR 00-4p, [] the vocational expert's testimony [was] consistent with the information contained in the *Dictionary of Occupational Titles*."  *PAGEID* 74.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act.  *PAGEID* 74-75.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by

5

substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues that the administrative law judge failed to satisfy his affirmative responsibility to inquire about whether there were any conflicts between the vocational expert's testimony and the DOT. *Statement of Errors*, pp. 1-7. This Court agrees.

Administrative law judges have an "affirmative responsibility" to ask a vocational expert if the expert's testimony conflicts with the information provided in the DOT. SSR 00-4p, 2000 WL 1898704, at *4. Administrative law judges must also "obtain a reasonable explanation for . . . apparent conflict[s]" if the vocational expert's testimony "appears to conflict with the DOT." *Id*.

In the case presently before the Court, the parties agree that the administrative law judge asked the vocational expert if the jobs identified by her as falling with plaintiff's RFC were "consistent with the Dictionary of Occupational Titles." *See Statement of Errors*, p. 14; *Commissioner's Response*, p. 2. The parties disagree, however, as to whether the administrative law judge fulfilled his duty under SSR 00-4p because, according to the hearing transcript, the vocational expert never answered the question. Plaintiff argues that the administrative law judge has a duty, not only to pose the required question, but also to obtain an answer to that question. *Statement of Errors*, p. 6. The Commissioner argues that the administrative law judge fulfilled his duty by making the inquiry or, alternatively, that any error was harmless because the hand-picker and laundry folder jobs

6

identified by the vocational expert are consistent with plaintiff's RFC and they exist in significant numbers in the national economy. *Commissioner's Response*, p. 3.

The Court notes, initially, that the transcript of the administrative hearing is not as clear as the parties suggest. The transcript actually indicates that it was the vocational expert, not the administrative law judge, who posed the relevant question. In any event, the question was immediately followed by a second, unrelated question before a response to the first question was given.

Assuming that there is an error in the transcript and that it was actually the administrative law judge who posed the question to the vocational expert, it nevertheless cannot be said that the testimony of the vocational expert provides substantial support for the administrative law judge's decision. First, even if the record is construed to confirm that the vocational expert was asked about conflicts, the record also suggests that she was not given a chance to respond to the question. *See id*. The record simply contains no evidence that the vocational expert testified about conflicts between her testimony and the DOT. Certainly, the testimony of the vocational expert, as reflected in the administrative record, cannot provide substantial support for the administrative law judge's finding that, "[p]ursuant to SSR 00-4p, the vocational expert's testimony [was] consistent with the information contained in the" DOT. *See PAGEID* 74. As discussed *supra*, administrative law judges have an affirmative

7

duty to ask a vocational expert if the expert's testimony conflicts with the DOT.  *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (quoting SSR 00-4p, at *4).  That responsibility cannot be avoided, either intentionally or unintentionally, by failing to give the vocational expert an opportunity to respond to the inquiry about such conflicts.

Second, the record suggests that the expert's testimony may in fact actually conflict with the DOT.  According to the DOT, the job of janitor may require the tending of a furnace, air-conditioner, or boiler to provide heat, cool air, and hot water for tenants, the use of hand tools, power tools or lawn care machinery, and physical demand requirements in excess of those for light work.  DOT 382.664-010.  However, the administrative law judge's residual functional capacity limits plaintiff to the performance of light work and precludes jobs requiring work around moving machinery.  *PAGEID* 72.  Furthermore, the vocational expert represented the janitor position as having a specific vocational preparation ("SVP") level of 2, whereas the DOT indicates that the position has an SVP of 3, which corresponds to "semi-skilled" work.  *See* SSR 00-4p, at *3.

There is also a conflict with the "laundry-folder" position.  The DOT number for the "laundry-folder" position provided by the vocational expert is actually the DOT number for a "flatwork finisher."  DOT 363.686-010.  That position may require feeding laundered flatwork articles, such as sheets, pillowcases, tablecloths,

8

and napkins into machinery or feeder rollers that convey articles into machinery. *Id*. As discussed *supra*, plaintiff's residual functional capacity precludes jobs involving moving machinery. Similarly, the "folder" position, DOT 369.687-018, may also require the use of a "button-sewing-machine or button-attaching machine" or unloading a tumbler. *Id*.

The only evidence in the record that supports the administrative law judge's conclusion that plaintiff can perform other work is the vocational expert's testimony. *See PAGEID* 74. The vocational expert's testimony does not constitute substantial evidence because that testimony may not be consistent with the DOT and the administrative law judge failed to elicit a suitable explanation for that inconsistency. The administrative law judge's failure to comply with SSR 00-4p cannot, under the circumstances, be characterized as harmless error. *See Hensley v. Comm'r of Soc. Sec.*, No. 11-294-JBC, 2013 WL 85074, at *3 (E.D. Ky. Jan. 7, 2013) ("Failure to inquire about discrepancies with the DOT is not harmless error where the ALJ has determined that the claimant is capable only of unskilled work, but many of the positions encompassed by the VE's testimony have a specific vocational preparation [] level greater than one or two, which are classified as 'unskilled.'") (citing *Poe v. Barnhart*, No. 05-48-JBC, 2006 WL 6908092 (E.D. Ky. Mar. 29, 2006)). *See also Lyke v. Comm'r of Soc. Sec.*, No. 3:08-0510, 2011 WL 2601435, at *16 (M.D. Tenn. Apr. 25, 2011) ("Thus, if there is no inquiry into whether the VE's testimony is consistent with the DOT and there is, in fact, an

inconsistency, the ALJ's error is not harmless.") (citing *Lancaster v. Comm'r of Soc. Sec.*, 228 F. App'x 563, 575 (6th Cir. 2007)).

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

June 7, 2013                                                      s/Norah McCann King
                                                                  Norah M<sup>c</sup>Cann King
                                                          United States Magistrate Judge