IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**URSULA N. SMITH,**

        Plaintiff,

  vs.                                     Civil Action 2:12-cv-534
                                            Judge Graham
                                            Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

### REPORT AND RECOMMENDATION

This case sought review, under the provisions of 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. On August 1, 2013, this Court reversed the decision of the Commissioner and remanded the action to the Commissioner for further proceedings. *Order*, Doc. No. 20. Final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g) was entered that same date. *Judgment*, Doc. No. 21. This matter is now before the Court for consideration of plaintiff Ursula N. Smith's *Application for Attorney Fees Under the Equal Access to Justice Act* ("*Plaintiff's Motion*"), Doc. No. 22. Plaintiff specifically seeks an award of $4,336.50 for 23.60 hours of work compensated at an average hourly rate of $183.75 per hour. *Plaintiff's Motion*, p. 5, Exhibit A. The Commissioner has not filed a response to *Plaintiff's Motion*. For the reasons that follow, it is **RECOMMENDED** that *Plaintiff's Motion* be **GRANTED**.

**II.   STANDARD**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes

1

an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

### III. DISCUSSION

This action was remanded to the Commissioner and final judgment was entered pursuant to Sentence 4 of 42 U.S.C. § 405(g) on August 1, 2013. *See Order*, Doc. No. 20; *Judgment*, Doc. No. 21. Plaintiff is a "prevailing party" under the EAJA because she received a Sentence 4 remand order. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). *Plaintiff's Motion* was also filed within 30 days of final judgment, as required under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B).

Whether or not the Commissioner's position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson,* 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The position of an agency is "substantially justified" if it is "'justified in substance or in the main' – that is, justified to a

degree that would satisfy a reasonable person." *Underwood,* 487 U.S. at 565-66. An agency's position can be substantially justified even if a court ultimately finds it erroneous or not supported by substantial evidence. *See United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991). The burden of showing substantial justification rests with the Commissioner. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In the case *sub judice*, the Court reversed the decision of the Commissioner and remanded the matter for further proceedings because the administrative law judge failed to satisfy his affirmative responsibility to inquire about conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT") pursuant to SSR 00-4p, 2000 WL 1898704, at *4. *See Order*, Doc. No. 20; *Report and Recommendation*, Doc. No. 19, pp. 6-9. As the Court previously found, "[t]he only evidence in the record that supports the administrative law judge's conclusion that plaintiff can perform other work is the vocational expert's testimony." *Report and Recommendation*, Doc. No. 19, p. 9 (citing *PAGEID* 74). However, "[t]he vocational expert's testimony does not constitute substantial evidence because that testimony may not be consistent with the DOT and the administrative law judge failed to elicit a suitable explanation for that inconsistency." *Id*. In short, the administrative law judge's decision was not supported by substantial evidence and the administrative law judge's failure to inquire about discrepancies with the DOT was not harmless error. *Id*. at p. 9. Indeed, the Commissioner does not argue that its position was substantially justified. The Court therefore concludes that the

3

position of the Commissioner was not substantially justified and that an award of fees under the EAJA is warranted. *See True*, 250 F.3d at 419 n.7 ("[U]nder the EAJA it is the government's burden to prove that its position was substantially justified.").

Having determined that attorneys' fees should be awarded under the EAJA, the Court must also determine what fee is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.). Plaintiff seeks an award of attorneys' fees in the amount of $4,336.50 for 23.60 hours of work compensated at an average hourly rate of $183.75 per hour. *Plaintiff's Motion*, p. 5, Exhibit A.

An award under the EAJA must be reasonable:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of

4

reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum*, 465 U.S. at 895 n.11).

Once the district court has examined the prevailing market rate, it must then consider whether a fee in excess of the $125.00 statutory cap is justified based on cost of living increases. 28 U.S.C. § 2412(d)(2)(A); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992). "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant such an adjustment is left to the sound discretion of the district court. *Id.* at 199-200. Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate does not warrant an increase in the rate. *Bryant*, 578 F.3d at 450.

In the case presently before the Court, plaintiff has submitted her attorney's resume, the affidavit of Eileen S. Goodin, Esq., an exhibit computing the cost of living increase for EAJA awards since March 29, 1996 using the Department of Labor's Consumer Price Index, and a copy of *The Economics of Law Practice in Ohio* in support of the proposed hourly rate. The affidavit of Eileen S. Goodin, Esq., an attorney in Columbus, Ohio who has represented Social Security claimants in federal court, avers that an hourly rate ranging from "$160.98 to as high as $200 per hour" is representative "of the prevailing market rate for attorneys handling Social Security matters in federal court and are consistent with fees customarily charged in this locality for similar legal services in Social Security claims." *Affidavit*, attached to *Plaintiff's Motion* as Exhibit D, at p. 1. Additionally, plaintiff has provided evidence that the mean billing

5

rate in 2010 for the Downtown Columbus area, where plaintiff's attorney practices, is $266 per hour, the mean billing rate for trial attorneys is $244 an hour, and the mean billing rate in Ohio for attorneys with more than 15 years' experience is $212 an hour.  *See The Economics of Law Practice in Ohio*, attached to *Plaintiff's Motion* as Exhibit E.  Under the circumstances, the Court concludes that plaintiff has provided satisfactory evidence that the requested average hourly rate of $183.75 is in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  *Cf*. *Delver v. Astrue*, No. 1:06cv266, 2011 WL 4914963, at *3 n.2 (S.D. Ohio Sept. 9, 2011) (suggesting a preference for "affidavits from other attorneys who practice in federal court," "publications that discuss the prevailing market rate," or "an affidavit from counsel setting forth . . . her normal hourly rate").

The Court also concludes that the hours itemized by plaintiff's counsel are reasonable.  Notably, plaintiff's counsel did not include time in connection with plaintiff's requests for an extension of time and there is no indication that the time billed is improper or excessive.  The Court therefore concludes that the hours itemized by plaintiff's counsel are reasonable.

For the foregoing reasons, it is **RECOMMENDED** that *Plaintiff's Motion*, Doc. No. 22, be **GRANTED**.  It is **FURTHER RECOMMENDED** that plaintiff be **AWARDED** an attorney fee under the Equal Access to Justice Act in the amount of $4,336.50.

If any party seeks review by the District Judge of this *Report and*

6

*Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


September 26, 2013                           *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge